IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROOSEVELT CAYMAN ASSET COMPANY II,<br>Plaintiff,<br><br>vs.<br><br>YESENIA MARIA VARELA COLON,<br>Defendant. | CIVIL NO. 16-1265 (CVR)<br><br>RE: COLLECTION OF MONIES, FORECLOSURE OF MORTGAGE |

## OPINION AND ORDER

### INTRODUCTION

Before the Court is Plaintiff Roosevelt Cayman Asset Company II's ("Plaintiff" or "Roosevelt Cayman") uncontested Motion for Summary Judgment (Docket No. 25) in this foreclosure of mortgage case. Plaintiff avers that on December 2, 2005, for value received, Defendant Yesenia María Varela Colón ("Defendant" or "Varela") subscribed a mortgage note payable to Doral Bank, or to its order, which was secured by a first mortgage on certain property. Roosevelt Cayman is at present the owner and holder of said mortgage note and deed, which Defendant has now defaulted on. A review of the docket shows that Plaintiff's Motion for Summary Judgment is not opposed.

Upon Plaintiff's application for summary judgment against Defendant, and under the circumstances and facts surrounding this case, as well as the applicable statutes and case law, the Court understands that there exists no genuine controversy of fact. Thus, judgment is the appropriate means of disposing of the claims in this case as a matter of law and Plaintiff's Motion for Summary Judgment is hereby GRANTED.

### UNCONTESTED FACTS

On December 2, 2005, for value received, Defendant subscribed, signed and delivered a mortgage note payable to Doral Bank, or to its order, for the principal amount

Case 3:16-cv-01265-CVR   Document 26   Filed 01/09/17   Page 2 of 10

Roosevelt Cayman Asset Company II vs. Yesenia María Varela Colón
Civil No. 16-1265 (CVR)
Opinion and Order
Page 2
_____

of One Hundred Eighty Nine Thousand Seven Hundred dollars ($189,700.00) with interest at the rate of 6 5/8% per annum, secured by a first mortgage constituted by deed number 626, executed in San Juan, Puerto Rico on the same date, before Notary Public Rafael A. Malavé Lebrón. The mortgage described above was executed upon the following property, which is described in the Spanish language as follows:

> ---**URBANA:** PROPIEDAD HORIZONTAL: Apartamento identificado con el número 301 ubicado en el edificio A (A-301), de la estructura número 1, compuesto de dos niveles, situados en el tercer y cuarto piso de este edificio, en el Condominio Colinas del Bosque, a su vez localizado en el Barrio Juan Sánchez del término municipal de Bayamón, Puerto Rico. Tiene una cabida superficial total de 1,588.11 pies cuadrados, equivalentes a 147.54 metros cuadrados. El primer nivel localizado en el tercer piso, colinda por el NORTE, en tres distancias que suman 10.82 metros lineales, con elementos exteriores y elementos comunes; por el SUR, en cuatro distancias que suman 12.14 metros lineales, con el apartamento número A-302, el recibidor de este piso y elementos comunes; por el ESTE, en tres distancias que suman 11.50 metros lineales, con elementos comunes y elementos exteriores; y por el OESTE, en una distancia de 3.31 metros lineales, con elementos comunes. El primer nivel contiene: "family room", cocina, medio baño, sala-comedor, escaleras de acceso al segundo nivel y balcón. El segundo nivel localizado en el cuarto piso, colinda por el NORTE, en dos distancias que suman 10.49 metros lineales, con elementos exteriores; por el SUR, en dos distancias que suman 12.14, metros lineales, con el apartamento número A-302, y elementos exteriores; por el ESTE, en varias distancias que suman 11.41 metros lineales, con elementos exteriores; y por el OESTE, en una distancia de 3.18 metros lineales, con elementos exteriores. El segundo nivel contiene: 3 dormitorios, dos closets, dos baños, un "walk-in-closet", laundry, hall (pasillo), linen (closet ropa de cama) y escaleras que dan acceso al primer nivel. La puerta principal de acceso de este apartamento se encuentra en su colindancia Sur. Le corresponde en porciento de participación elementos comunes generales de 0.638%. Le pertenece como anejos dos áreas para estacionamientos identificados con los números 88 y 89.-------------
>
> ---Consta inscrita al folio 199 del tomo 233 de Bayamón Norte, finca número 11,297. Registro de la Propiedad, Seccion III de Bayamón.-----------------

Case 3:16-cv-01265-CVR   Document 26   Filed 01/09/17   Page 3 of 10

Roosevelt Cayman Asset Company II vs. Yesenia María Varela Colón
Civil No. 16-1265 (CVR)
Opinion and Order
Page 3
_____

Defendant is the owner of the mortgaged property according to the Registry of Property and to Plaintiff's best knowledge and belief.

Defendant has now defaulted on the payment obligation towards Plaintiff. Therefore, as of January 20, 2016, the defendant still owes Plaintiff the sum of $169,149.60 in principal and accrued interest which continues to accrue until full payment of the debt at the rate of 6 5/8% per annum, accrued late charges and any other advance, charge, fee or disbursements made by Plaintiff on behalf of Defendant, in accordance with the mortgage deed, plus costs, and ten (10) percent attorney fees. Plaintiff's efforts to try to collect all outstanding amounts have been unsuccessful.

## STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 (c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. Id. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party

Case 3:16-cv-01265-CVR   Document 26   Filed 01/09/17   Page 4 of 10

Roosevelt Cayman Asset Company II vs. Yesenia María Varela Colón
Civil No. 16-1265 (CVR)
Opinion and Order
Page 4
_____

resisting summary judgment, could resolve the dispute in that party's favor." Id. At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

The First Circuit Court of Appeals has "emphasized the importance of local rules similar to Local Rule 56 [of the District of Puerto Rico]." Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007); see also, Colón v. Infotech Aerospace Servs., Inc., 869 F.Supp.2d 220, 225-226 (D.P.R. 2012). Rules such as Local Rule 56 "are designed to function as a means of 'focusing a district court's attention on what is -and what is not- genuinely controverted.' " Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006)). Local Rule 56 imposes guidelines for both the movant and the party opposing summary judgment. A party moving for summary judgment must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs." Loc. Rule 56(b). A party opposing a motion for summary judgment must "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. Rule 56 (c). If they so wish, they may submit a separate statement of facts which they believe are in controversy. Facts which are properly supported "shall be deemed admitted unless properly controverted." Loc. Rule 56(e); P.R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 130 (1st Cir. 2010) and Colón, 869 F.Supp.2d at 226. Due to the importance of this function to the summary judgment process, "litigants ignore [those rules] at their peril." Hernández, 486 F.3d at 7.

Case 3:16-cv-01265-CVR   Document 26   Filed 01/09/17   Page 5 of 10

Roosevelt Cayman Asset Company II vs. Yesenia María Varela Colón
Civil No. 16-1265 (CVR)
Opinion and Order
Page 5
_____

## LEGAL ANALYSIS

Jurisdiction is appropriate under this court by virtue of 28 U.S.C. § 1332. There is complete diversity of citizenship among the parties. The amount in controversy in the complaint, exclusive of interests and costs, exceeds Seventy Five Thousand Dollars ($75,000.00). Venue is proper in this district pursuant to 28 U.S.C. § 1391 inasmuch as the defendant resides in the district and the real property in question is located in Puerto Rico.

"Obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." Puerto Rico Civil Code, Article 1044, P.R. Laws Ann., tit. 31 § 2994. Courts may therefore not relieve a party of its obligations to do whatever the party agreed to do by contract. See Cervecería Corona v. Commonwealth Ins. Co., 115 D.P.R. 345 (1984); Hennes v. Sun Life Assurance Company of Canada, 291 F. Supp. 670 (D.P.R. 1968); Matricardi v. Peñagarícano, Admin., 94 D.P.R. 1 (1967); Clausells v. Salas, 51 P.R.R. 87 (1937).

In addition, "[a] mortgage directly and immediately binds an estate and the rights on which it is imposed, whoever its owner or titleholder may be, to the fulfillment of the obligation for the security of which it was constituted." Mortgage Law of 2015, Article 54. The Puerto Rico Civil Code adds: "A mortgage directly and immediately subjects the property on which it is imposed, whoever its possessor may be, to the fulfillment of the obligation for the security of which it was created." Puerto Rico Civil Code, Article 1775, P.R. Laws Ann., tit. 31 § 5043; see also Cristy v. Banco Territorial y Agrícola, 11 P.R.R. 525 (1906); Vicenty v. Vázquez, 11 P.R.R. 275 (1906). The real right of a mortgage, once constituted subject to the mortgaged good, whoever its title holder or possessor of the power to eventually demand the realization of its value for the fulfillment of the obligation

that it warranties, with preference corresponding to the degree of registration. Art. 145.1 and 146.1 of the General Regulations for the Execution of Mortgage Law and the Registry of Property.

Contracts are perfected by mere consent, and from that moment, each of its parties is obliged, not only to fulfill what was expressly agreed to, but also to respond to the consequences that, depending on its nature, conform to good faith, the use, and the law. Puerto Rico Civil Code, Article 1210, 31 P.R. Laws Ann. § 3376; Municipio de Ponce v. Roselló, 94 J.T.S. 112; Unisys v. Ramallo, 129 D.P.R. 13 (1991); Kogan v. Registrador, 90 J.T.S. 33; Ramírez v. Club Cala de Palmas, 89 J.T.S. 22; Producciones Tommy Muñiz v. COPAN, 113 D.P.R. 517, 526-27 (1982).

In addition, it is a well-established rule of law that the pacts and agreements reached between the parties in a contract have legal force and should be fulfilled as accorded. Puerto Rico Civil Code, Article 1044, P.R. Laws Ann., tit. 31 § 2994. The definition of what constitutes a contract is codified at Article 1206 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31 § 3371. The cited statute establishes that a contract exists from the moment one or various persons consent to obligate themselves to another, to give something or to provide a service.

Article 1207 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31 § 3372, contains the concept of freedom to contract, known in Spanish as "libertad de contratación". This implies that the agreements in which parties can enter to are essentially limited to their imaginations, thus leaving the will of the parties as the supreme law between them. Arthur Young & Co. v. Vega, 136 DPR 157, 169-170 (1994). However, the will between the parties is not completely unlimited. As such, "[t]he contracting parties may make the agreement

Case 3:16-cv-01265-CVR   Document 26   Filed 01/09/17   Page 7 of 10

Roosevelt Cayman Asset Company II vs. Yesenia María Varela Colón
Civil No. 16-1265 (CVR)
Opinion and Order
Page 7
_____

and establish the clauses and conditions that they deem advisable, provided they are not in contravention of law, morals or public order." P.R. laws Ann., tit. 31 § 3372.

Even in its most strict interpretation, it is recognized that a contract is an "agreement of the wills by virtue of which relationships regarding the law of obligations are created, modified or extinguished between two or more individuals." José Puig Brutau, Fundamentos de Derecho Civil, Tomo II, Vol. I, 10 (3ra ed. 1984). One can say that a contract properly exists when the will of each of the contracting parties acts in consideration to an interest opposite or distinct to that, which moves the other party. Id. Therefore, the concept of what constitutes a contract incorporates two important elements: (1) an agreement of wills which generates an obligation, and (2) the legal situation produced as a consequence of said covenant. Id. at page 13.

Once a person declares his/her conformance to an agreement, he/she does so because the other two elements of a contract (the object and the cause) have been established. Anything that falls within the commerce of mankind can be considered an object to a contract, even the future ones, so long as they are not impossible and they can be determined as to its species. P.R. Laws Ann., tit. 31 §§ 3421, 3422 and 3423.

Contracts are perfected by mere consent, and from that time they are binding, not only with regard to the fulfillment of what has been expressly stipulated, but also with regard to all the consequences in accordance with good faith, use, and law. Article 1210 of the Puerto Rico Civil Code, Laws of P.R. Ann., Tit. 31 § 3376; Trinidad v. Chade, 2001 JTS 10; Unisys v. Ramallo Bros. Printing Co, Inc., 91 JTS 69; Kogan v. Registrador, 90 JTS 33; Ramirez v. Club Cala de Palmas, 89 JTS 22; Prods. Tommy Muñiz v. COPAN, 113 DPR 517 (1982); Amy González v. Rivera Diez, 2005 WL 2755938.

Case 3:16-cv-01265-CVR   Document 26   Filed 01/09/17   Page 8 of 10

Roosevelt Cayman Asset Company II vs. Yesenia María Varela Colón
Civil No. 16-1265 (CVR)
Opinion and Order
Page 8
_____

Still more important for our purpose, the courts of justice cannot relieve one party of fulfilling what it obliged itself in a contract, when this contract is legal and valid, and does not contain any vice.  García v. World Wide Entertainment Co., 92 J.T.S. 177, at page 10264; Constructora Bauzá v. García López, 91 J.T.S. 99, at page 9076; Hidalgo Marrero v. Commonwealth Ins. Co., 91 J.T.S. 100, at page 9088; Cervecería Corona v. Commonwealth Ins. Co., 115 D.P.R. 345, 351 (1984); Olazábal v. U.S. Fidelity Etc., 103 D.P.R. 448, 462 (1975).  Nevertheless, when in a bilateral contract one of the contractors does not comply with its obligation, the other has the right to choose between the specific performance of the contract or the resolutions of the obligation of indemnification for damages and payment of interests in both cases.  Puerto Rico Civil Code, Article 1077; P.R. Laws Ann. tit. 31 § 3052; Unisys, *supra,* at p. 8854.

In light of the supporting documentation presented by Plaintiff, and under the circumstances and facts surrounding this case, as well as the applicable statutes and case law, this Court understands that there exists no genuine controversy of fact as to the debt owed by Defendant.

Defendant is ordered to pay Plaintiff the following sums due as of January 20, 2016:

$169,149.60 in principal, accrued interest which continues to accrue until full payment of the debt at the rate of 6 5/8% per annum, accrued late charges and any other advance, charge, fee or disbursements made by plaintiff, on behalf of defendant, in accordance with the mortgage deed, plus costs, and ten (10) percent attorney fees.

Furthermore, in default of the payment of the sums herein specified or of any part thereof, within fourteen (14) days from the date of entry of this judgment, the mortgaged property described above, shall be sold at public auction to the highest bidder therefor,

without an appraisal or right of redemption for the payment of Plaintiff's mortgage within the limits secured thereby.

Upon Plaintiff's compliance with Fed.R.Civ.P. 53, the court may appoint a Special Master to conduct the sale, but the Special Master shall not proceed to carry out the said sale, or do anything in connection with it, until further order by this Court and under the form and conditions to be directed by the Court. The sale to be conducted by the appointed Special Master shall be subject to the confirmation of the Court, and the purchaser or purchasers of the property shall be entitled to receive its possession. The minimum bid to be accepted at the first public sale will be in accordance with the mortgage deed. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

    a)     To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after the said compensation and expenses shall have been fixed and approved by the Court, all said expenses to be deducted from the sum provided in the deed of mortgage for costs, charges and disbursements, expenses and attorney's fees.

    b)     To the payment of all expenses or advances made by the Plaintiff.

    c)     To the payment to plaintiffs of the amount of $169,149.60 in principal, accrued interest as of January 20, 2016, which continues to accrue until full payment of the debt at the rate of 6 5/8% per annum, accrued late charges and any other advance, charge, fee or disbursements made by plaintiff, on behalf of

defendant, in accordance with the mortgage deed, plus costs, and ten (10) percent attorney fees.

d) If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

e) If after making all those payments there is a deficiency, Plaintiff may seek further orders by the Court to collect the deficiency from Defendant.

Plaintiff in these proceedings may apply to this Court for such further orders, as it may deem advisable to its interests, in accordance with the terms of this judgment, including all available remedies for the enforcement of a money judgment.

## CONCLUSION

In view of the foregoing, Plaintiff's Motion for Summary Judgment (Docket No. 25) is hereby GRANTED. Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, on this 9th day of January, 2017.

> S/CAMILLE L. VELEZ-RIVE
> CAMILLE L. VELEZ RIVE
> UNITED STATES MAGISTRATE JUDGE